77 A.3d 579

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**William Anthony REID, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 8, 2013.

Decided Sept. 26, 2013.

Patrick Adam Johnson, Esq., for William Anthony Reid.

James Patrick Barker, Esq., William A. Helm, Esq., Kathleen Granahan Kane, Esq., PA Office of Attorney General, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.

*OPINION*

Justice EAKIN.

This is an appeal from the order of the Superior Court reversing the order of the Court of Common Pleas of Clinton County, which granted appellant's motion to dismiss pursuant to § 110(1)(ii) of the Pennsylvania Crimes Code.[1] We affirm.

On November 14, 2006, police conducted a controlled cocaine buy from appellant using a confidential informant. Appellant and the informant met at a convenience store and drove to the Hilltop Bar parking lot in Lock Haven. The informant then dropped appellant off at a nearby plaza and later gave police the cocaine purchased from appellant. Appellant was not arrested.

On March 4, 2007, appellant fell victim to a kidnapping and robbery. At the interview about the incident, Detective Charles Shoemaker, one of the officers who assisted in the 2006 controlled buy, informed appellant he was under investigation in connection with the 2006 incident. Ultimately, appellant confessed he was in the business of selling cocaine in the Lock Haven area, and his source was in New Jersey. Appellant was arrested and charged with possession with intent to deliver (PWID) in connection with the 2006 sale; he pled guilty to that charge June 25, 2007.

1. Section 110 provides:
    Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
    1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
    *      *      *
    (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]
    18 Pa.C.S. § 110(1)(ii).

Detective Shoemaker was involved in a drug investigation in the Lock Haven area targeting another individual, Damon Williams. On March 15, 2007, a state grand jury began investigating the activities of a drug distribution organization in the area, targeting Williams and other individuals, including appellant. In its March 11, 2009 presentment, the grand jury implicated appellant as one of the organization's distributors. Specifically, the grand jury found that between 2006 and March 7, 2007, appellant sold cocaine at his home and various bars, including the Two Tuesdays Bar located in Lock Haven. The presentment did not mention the 2007 case, the Hilltop Bar, or any controlled buys involving appellant. On July 22, 2010, appellant was charged with two counts of PWID and one count of conspiracy.

Appellant filed an omnibus pre-trial motion to dismiss the 2010 case pursuant to the compulsory joinder rule in 18 Pa.C.S. § 110, claiming the 2010 case arose from the same criminal episode as the 2007 case. The trial court granted the motion, and the Commonwealth appealed.

In a unanimous, published opinion, a panel of the Superior Court reversed and remanded, instructing the trial court to reinstate the 2010 charges. *Commonwealth v. Reid,* 35 A.3d 773, 779 (Pa.Super.2012). In determining whether appellant's 2007 case barred the subsequent 2010 prosecution, the court found our analysis in *Commonwealth v. Nolan,* 579 Pa. 300, 855 A.2d 834 (2004) (superseded by statute on other grounds), instructive in distinguishing a criminal "episode" from a criminal "enterprise," and heeded our warning against "cataloguing simple factual similarities or differences" and interpreting the term "single criminal episode" too rigidly. *Reid,* at 776–77 (quoting *Nolan,* at 839). Following *Nolan's* guidance regarding the episode/enterprise inquiry, the court determined although the methods of delivery, drug sources, and investigating officer may have been similar in the 2007 and 2010 cases, each concerned different "victims" and "major movers." *Id.,* at 779. Additionally, the court noted the presentment referred to activities occurring at appellant's house and bars other than the Hilltop Bar, as well as appellant's occasional

use of a middleman, which did not occur in the 2007 case. *Id.* As such, the court concluded the facts represented "multiple episodes of the same enterprise," and thus failed to satisfy the compulsory joinder rule. *Id.*

Section 110, known as the compulsory joinder rule, bars a subsequent prosecution if each prong of the following test is met:

(1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges [are] within the same judicial district as the former prosecution.

*Nolan,* at 839.[2]

Only the second prong, known as the logical relationship prong, is at issue here.

In the seminal case of *Commonwealth v. Hude,* 500 Pa. 482, 458 A.2d 177 (1983), we instructed courts considering the logical relationship prong to look at the "temporal" and "logical" relationship between the charges to determine whether they arose from a "single criminal episode." *Id.,* at 181. To this end, we noted:

Generally, charges against a defendant are clearly related in time and require little analysis to determine that a single criminal episode exists. However, in defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be considered.

*Id.*

With regard to the logical relationship, we noted:

In ascertaining whether a number of statutory offenses are "logically related" to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. If

---

**2.** *See also* 18 Pa.C.S. § 110(1)(ii); *Commonwealth v. Fithian,* 599 Pa. 180, 961 A.2d 66, 72 (2008) (citations omitted).

there is duplication, then the offenses are logically related and must be prosecuted at one trial. The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test does not require "an absolute identity of factual backgrounds."

*Id.* (quoting Paul Jerome Richey, Comment, *Commonwealth v. Campana and Section 110 of the Crimes Code: Fraternal Twins*, 35 U. Pitt. L.Rev. 275, 286–87 (1973)).

In *Commonwealth v. Bracalielly*, 540 Pa. 460, 658 A.2d 755 (1995), we interpreted *Hude's* guidance on the logical relationship determination as follows:

[I]n determining if the "logical relationship" prong of the test has been met, we must ... be aware that a mere de minimis duplication of factual and legal issues is insufficient to establish a logical relationship between offenses. Rather[,] what is required is a substantial duplication of issues of law and fact.

In *Hude*, we found that such substantial duplication had occurred. We did not, however, reach this conclusion by merely cataloguing simple factual similarities or differences between the various offenses with which the defendant was charged. Rather, we found that these offenses presented substantial duplication of issues of law and fact because the case did not involve "a situation where different evidence was required to be introduced to establish the alleged individual instances of possession and delivery", but rather, involved a situation in which the Commonwealth's case in both the first and second drug trials rested solely upon the credibility of a single witness. Thus, we concluded that the drug charges brought against the defendant were not only temporally related but also logically related, and thus constituted a single criminal episode.

*Id.,* at 761–62 (internal citations and footnote omitted).

In *Commonwealth v. Anthony*, 553 Pa. 55, 717 A.2d 1015 (1998), the defendant argued the subsequent prosecution was barred because the charges in the later prosecution "arose

from the same criminal episode culminating in his prior conviction[.]" *Id.,* at 1018. Specifically, the defendant noted the subsequent prosecution concerned offenses arising within the time span set forth in the prior charges. *Id.* Regarding the logical relationship, the defendant argued the subsequent prosecution was barred because it charged him with conduct for which he had been previously convicted. *Id.* We concluded the defendant's subsequent prosecution arose from the same criminal episode as the previous prosecution because "all of the criminal acts [were] temporally and logically related." *Id.,* at 1019–20. In reaching this conclusion, we first noted:

> In our consideration of the temporal and logical relationship between the criminal acts, we are guided by the policy considerations that § 110 was designed to serve:
>
>> (1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation.

*Id.,* at 1018–19 (citation omitted).

With these policy considerations in mind, we next considered the temporal and logical connections between the defendant's two prosecutions, concluding the prosecutions were temporally related as they essentially covered the same period of time and there was a substantial duplication of issues of fact and law because "a high percentage of the testimony from the first trial [had to] be repeated in the second trial[.]" *Id.,* at 1019. Specifically, with regard to the duplication of legal issues, we noted:

> As for the legal issues, [the defendant]'s first conviction for corrupting the morals of the minors was grounded on his encouraging and enticing the minors to commit burglaries and thefts. The second Information also charges burglary and theft[;] the variation in the form of the criminal charges

cannot disguise the commonality of the legal issues within the two informations.

*Id.*

In *Commonwealth v. Spotz*, 562 Pa. 498, 756 A.2d 1139 (2000), the defendant contended the trial court erred in denying his motion to quash based on § 110. The defendant argued, considering the three killings occurred within a three-day period and "very closely in terms of geography (albeit they occurred in different counties), combined with the fact that there was an overlapping of certain witnesses and a single laboratory conducted tests for the various prosecutions, proves that the killings were part of the same criminal episode." *Id.*, at 1157 (internal quotation marks omitted). We disagreed, reasoning:

This is not a circumstance similar to that addressed in *Hude* upon which [the defendant] relies. In *Hude,* this Court held that drug charges brought against the defendant were barred by his previous trial on drug charges. But the charges in *Hude* arose out of a series of twenty sales of marijuana to the same individual between October 1974 and January 1975. The Court based its § 110 holding on the fact that different evidence was not required to establish the alleged individual instances of possession and delivery. Rather, the Commonwealth's case rested *solely* on the credibility of the single buyer. *Hude,* [at 177]. Though committed by the same individual, the killings of separate human beings here cannot be compared to the ongoing, indistinguishable drug sales at issue in *Hude.*

The instant case is far more akin to [*Bracalielly* ]. In *Bracalielly,* the defendant sold cocaine to a confidential informant in Allegheny County on two occasions. He also sold cocaine to the same confidential informant in Butler County. This Court held that the Butler County drug sale was not part of the same criminal episode as the two sales in Allegheny County, noting that the Butler County and Allegheny County authorities were each conducting separate undercover investigations of the defendant. Thus, "proof of each individual instance of possession and delivery in each

county would not rest solely on the credibility of a single witness, but rather, would require the testimony of completely different police officers and expert witnesses as well as the establishment of separate chains of custody." *Bracalielly,* [at 762]. In the instant case, there were three victims in three different counties requiring three different investigations, and different witnesses were necessary at each trial.

*Id.,* at 1159 (emphasis in original).

In *Nolan,* we acknowledged the application of *Hude's* "logical and temporal" inquiry has led to contradictory results, but instructed courts to keep in mind the compulsory joinder rule's purpose and rationale in determining whether the "single criminal episode" requirement was met. *Nolan,* at 839–40. We went on to state: "These policy concerns must not be interpreted to sanction 'volume discounting' or, as evidenced by this case, to label an 'enterprise' an 'episode.'" *Id.,* at 840. Applying these principles, we concluded the Superior Court erred in finding the defendant's offenses were part of the same criminal episode, noting:

[O]ver a seven-month period, [the defendant] ran a profitable enterprise in which he stole at least 25 vehicles from numerous individuals and 11 dealerships and then resold them, creating even more victims. Much like a television sitcom, each week's story has similar characters, producers, and continuity of storyline, but each week is a separate episode—the series of episodes is an enterprise. Such is the scenario here; [the defendant] starred in his own series with multiple episodes in each county.

*Id.* We also reiterated the "necessity of looking to the purpose inherent in § 110 and protecting against disingenuous, after-the-fact maneuvering." *Id.,* at 841. We described procedural maneuvering as follows:

[The defendant] acquiesced to the separate prosecutions, and signed separate negotiated guilty pleas, in consideration for coordination and proposed leniency by each prosecutor.... [T]he prosecutors from Lackawanna and Luzerne Counties worked out an agreement where each would re-

quest concurrent sentencing for both prosecutions; [the defendant] was active and sought to benefit from this deal-making. It was only when the Lackawanna County court sentenced [the defendant] to multiple consecutive terms, after seeing [the defendant]'s significant criminal history and labeling him a "career criminal," that he withdrew his Luzerne County guilty plea and cried foul. Each prosecutor, however, upheld its agreement; [the defendant]'s attempt to cast a bargained-for deal into an ineffectiveness claim [for failing to raise the issue of whether § 110 required dismissal of all Luzerne County charges] rings hollow.

*Id.* (internal footnote omitted).

As the foregoing shows, lower courts still struggle over the application of the "same criminal episode" test of the compulsory joinder rule. For example, the trial court here concluded the subsequent prosecution was based on the same criminal episode in light of the following:

The Commonwealth has charged [appellant] ... with selling cocaine after bringing it from New Jersey to Clinton County from 2006 through 2007. November 14, 2006, the date of the incident, is clearly within that time period. It is impossible for this [c]ourt to find that the November 14, 2006 incident is not part of the criminal episode that [appellant] is being charged with at the present time. Therefore, this [c]ourt must conclude that the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution.

Trial Court Opinion, 9/8/10, at 10.

Limiting the analysis to the temporal relationship prong, without considering the logical relationship, is erroneous. As we noted in *Hude:*

Generally, charges against a defendant are clearly related in time and require little analysis to determine that a single criminal episode exists. *However, in defining what acts constitute a single criminal episode, not only is the tempo-*

*ral sequence of events important, but also the logical relationship between the acts must be considered.*

*Hude,* at 181 (emphasis added).

We reiterate the determination of whether the logical relationship prong of the test is met turns on whether the offenses present a *substantial* duplication of issues of fact and law. Such a determination depends ultimately on how and what the Commonwealth must prove in the subsequent prosecution. There is a substantial duplication of issues of fact if "the Commonwealth's case rest[s] solely upon the credibility of [one witness]" in both prosecutions. *Id.,* at 183. There is no substantial duplication if "proof of each individual instance of possession and delivery in each county ... require the introduction of the testimony of completely different police officers and expert witnesses as well as the establishment of separate chains of custody[,]" *Bracalielly,* at 762, or if "there were three victims in three different counties requiring three different investigations, and different witnesses were necessary at each trial." *Spotz,* at 1159. When determining if there is a duplication of legal issues, a court should not limit its analysis to a mere comparison of the charges, but should also consider whether, despite "the variation in the form of the criminal charges," there is a "commonality" of legal issues within the two prosecutions. *Anthony,* at 1019. It should be remembered, however, "[t]he mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test does not require an absolute identity of factual backgrounds." *Hude,* at 181 (citation and internal quotation marks omitted). Finally, in considering the temporal and logical relationship between criminal acts, we are guided by the policy considerations § 110 was designed to serve, which "must not be interpreted to sanction 'volume discounting[,]' [procedural maneuvering,] or ... to label an 'enterprise' an 'episode.'" *Nolan,* at 840.

In the instant case, the panel adequately addressed the factual differences between the two prosecutions. The Superior Court, in fact, noted:

> [Despite appellant]'s methods of delivery and his sources for contraband may have largely been the same in both cases, and may have involved the same investigating officer, there appear to be different "victims" and "major movers" in each case. Moreover, the grand jury presentment specifically referenced [appellant]'s occasional use of a middleman to conduct his deliveries rather than by [appellant] himself, as occurred in the [2007 case]. We therefore consider these facts to be multiple episodes of the same enterprise, rather than one continuous criminal episode.

*Reid,* at 779 (citation omitted).

The panel, however, failed to recognize the "same criminal episode" analysis cannot be made "by merely cataloguing simple factual similarities or differences between the various offenses with which the defendant was charged[,]" even if the offenses at issue constitute an enterprise.[3] *Bracalielly,* at 761. A proper analysis requires courts to determine whether there is a substantial duplication of issues of fact and law. *Id.* (citation omitted). Here, as the Commonwealth noted, different evidence was required to establish the offenses alleged in each case. The witnesses for the 2007 case were Detective Shoemaker, another member of the Drug Task Force, and the chemist who tested the cocaine—its locale involved a convenience store and the rear of the Hilltop Bar. The 2010 case, which alleged acts before and after the prior delivery, involved four witnesses in addition to Detective Shoemaker. Those acts occurred inside a bar called "Two Tuesdays" and in appellant's residence, and at times involved a middleman. In light of the foregoing, we conclude there is no substantial duplication of issues of fact or law; thus, the two prosecutions do not arise from the same criminal episode.[4]

3. In *Commonwealth v. George,* 38 A.3d 893, 897–98 (Pa.Super.2012), another panel of the Superior Court similarly limited its analysis to the factual differences between the two prosecutions, but did not fully address the extent, if any, of the duplication of issues of fact or law. Interestingly, despite the facts in *George* being similar to the facts in the instant case, the panel in *George* did not mention *Nolan* in its analysis. Nonetheless, *George* is not at issue here, and we express no opinion on the propriety of its conclusions.

4. Despite being presented as a challenge pursuant to the compulsory joinder rule, appellant is in essence challenging the specificity of the

Order affirmed. Jurisdiction relinquished.

Justice STEVENS did not participate in the consideration or decision of this case.

Chief Justice CASTILLE, and Justices SAYLOR, BAER, TODD and McCAFFERY join the opinion.

information. Appellant summarized the reason for bringing a challenge under § 110 as follows:

> This is due primarily to the fact that the Commonwealth has not alleged any additional specific instances of delivery on behalf of [a]ppellant, but has rather made general charges in the criminal information that allege conduct "throughout 2006" and "throughout 2007." Based on this fact, [a]ppellant's conduct must be considered the exact same conduct and is obviously the [same] criminal episode.

Appellant's Brief, at 7.

While the information in the 2010 case does not provide any specific dates or details regarding the alleged offenses (and this fact alone could have supported a request for bill of particulars, *see* Pa.R.Crim.P. 582; *Commonwealth v. Champney*, 574 Pa. 435, 832 A.2d 403, 412 (2003)), a review of the evidence offered by the Commonwealth at the hearing held on appellant's motion to dismiss the 2010 charges dispels any doubts about the nature and circumstances of the crimes with which appellant is being charged. As noted above, the 2010 case pertains to offenses unrelated to those charged in the 2007 case.