J-S23026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GARY THOMPSON, | |
| Appellee | No. 1426 EDA 2014 |

Appeal from the Order Entered April 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012336-2011

BEFORE: DONOHUE, SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED JUNE 19, 2015**

The Commonwealth of Pennsylvania appeals from the order entered on April 7, 2014, that dismissed the charges filed at docket number CP-51-CR-0012336-2011 against Appellee, Gary Thompson, pursuant to 18 Pa.C.S. § 110. We reverse and remand for further proceedings consistent with this memorandum.

The relevant facts of this matter were set forth in the trial court's opinion as follows:

> The below-listed facts represent the case for the October arrest (CP-51-CR-0012336-2011). On October 11, 2011, as a result of a police narcotics surveillance operation in the area of 906 W. Huntingdon Street, Philadelphia, PA (hereinafter "subject house"), the police arrested Robert Beckham. Mr. Beckham was

---

[*] Retired Senior Judge assigned to the Superior Court.

observed performing a hand-to-hand transaction with a pedestrian, where Mr. Beckham delivered two packets of marijuana in exchange for U.S. currency. Not long after, [Appellee] was observed exiting the subject house, engaging in a conversation with Mr. Beckman, and accepting a large volume of U.S. currency from Mr. Beckham. Mr. Beckham was arrested after he left the subject house.

Following the arrest, a female individual, who observed Mr. Beckham's arrest, hastily returned to the subject house, presumably to inform [Appellee] of the arrest. Immediately thereafter [Appellee] was observed exiting the subject house with a large duffel bag. [Appellee] got into a vehicle and drove off. The vehicle was subsequently stopped and [Appellee] was arrested. The large duffel bag recovered contained a large quantity of marijuana and multiple handguns. A search warrant was issued for the subject house, where law enforcement recovered marijuana, unused packaging for the drugs (jars and lids), a ballistic vest, and $1,866.

The below-listed facts represent the case related to the December arrest (CP-51-CR-0002319-2012). On December 6, 2011, through December 9, 2011, the police conducted a narcotics surveillance operation at the subject house and on the house next door (908 W. Huntingdon Street, hereinafter the "adjacent house"). On December 6, 2011, a confidential informant (hereinafter "CI") purchased marijuana from [Appellee]. The CI approached [Appellee], who was sitting on the front steps of the subject house. After a brief conversation, [Appellee] went into the subject house and, upon his return, he engaged in a hand-to-hand transaction of marijuana with the CI.

On December 7, 2011, the CI went back to the subject house, and a relative of [Appellee's], from the window of the adjacent house, informed the CI that [Appellee] was not home. She then asked, "what do you need?" The relative then came downstairs and engaged in a hand-to-hand transaction of marijuana with the CI. On December 9, 2011, search warrants were executed on the subject house and the adjacent house. Handguns, as well as new and unused packaging (jars and lids), baggies, and a scale were recovered from the adjacent house—a box for one of the said handguns was recovered from the subject house.

Trial Court Opinion, 12/12/14, at 3-4.  The trial court also explained the

procedural history of this case as follows:

> The procedural history in this case is somewhat complex. On October 11, 2011, [Appellee] was arrested for events that took place in around this date and charged with manufacture, delivery, or possession with intent to manufacture or deliver (35 P.S. §780-113); conspiracy to manufacture, deliver, or possession with intent to manufacture or deliver (18 Pa.C.S.A. §903); firearms not to be carried without a license (18 Pa.C.S.A. §6106); two counts of possessing instruments of crime (18 Pa.C.S.A. §907); possession of a controlled substance (35 P.S. §780-113); and carrying firearms on public streets or public property in Philadelphia (18 Pa.C.S.A. §6108).
>
> On December 9, 2011, [Appellee] was arrested for events that took place in around December 6, 2011, through to December 9, 2011, and charged with conspiracy to manufacture, deliver, or possession with intent to manufacture or deliver (18 Pa.C.S.A. §903); possession of firearm prohibited (18 Pa.C.S.A. § 6105); possession of marijuana (35 P.S. §780-113); use and/or possession of drug paraphernalia (35 P.S. §780-113); possessing instruments of crime (18 Pa.C.S.A. §907); and manufacture, delivery, or possession with intent to manufacture or deliver (35 P.S. §780 - 113).
>
> On November 1, 2013, the Commonwealth filed a dual motion entitled, "Notice of Intent to Introduce Other Acts or Evidence [Pa.R.E. 404(b)] and Motion to Consolidate Matter for Joint Trial [Pa.R.Crim.P. 582]" (hereinafter the "dual motion"). The 404(b) component of the dual motion moved to admit evidence related to the December arrest (hereinafter the "December arrest") to be used at trial for the October arrest (hereinafter the "October arrest") in order to demonstrate a common plan, scheme and design, or to establish motive, intent, knowledge, identity, or absence of mistake. The Rule 582 component of the dual motion moved for the December and the October arrests to be consolidat[ed]/joined into a single trial. The case for the December arrest, however, had already been adjudicated on March 18, 2013, some eight months prior to the Commonwealth's joinder request.[1] On November 25, 2013, the Honorable Charles Ehrlich granted the 404(b) component of the

dual motion. The dual motion's Rule 582 joinder request was never ruled upon.

> [1] In the case related to the December arrest, [Appellee] was found guilty of PWID and sentenced to house arrest.

On December 10, 2013, [Appellee] filed with the Honorable Kenneth Powell a Motion to Dismiss the case related to the October arrest pursuant to 18 Pa.C.S.A. §110. [Appellee's] motion asserted that the October and December arrests should have been consolidated into a single trial because both cases stemmed from the same criminal episode; thus, since the two cases were not joined, the October arrest should be dismissed on the grounds that [Appellee] was formally prosecuted for the same offense when he was adjudicated for the December arrest. On December 23, 2013, [Appellee's] Motion to Dismiss was denied. On December 31, 2013, the Defendant filed a Motion to Reconsider Order Denying Motion to Dismiss with the Honorable Sean Kennedy. Judge Kennedy granted [Appellee's] Motion to Dismiss on March 4, 2013, but the case dismissal was stayed for 30 days pending the Commonwealth's Appeal.

On March 9, 2014, the Commonwealth filed a Motion to Reconsider the dismissal. The Commonwealth's motion argued that the October and December arrests were unfit to be consolidated, which [the trial court concluded] was a position in opposite of its previous Rule 582 joinder request. On April 7, 2014, an Order was issued denying [the] Commonwealth's Motion to Reconsider, and the October arrest case was dismissed. The Commonwealth filed a timely appeal and a subsequent statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b).

Trial Court Opinion, 12/12/14, at 1-3.

In this appeal, the Commonwealth raises one issue for this Court's

consideration:

Did the lower court err when it dismissed the charges against [Appellee] based on 18 Pa.C.S. § 110?

Commonwealth's Brief at 4. Specifically, the Commonwealth asserts that the trial court erred in concluding that prosecution of the October arrest was barred by the prosecution of the December arrest and that the trial court erred in concluding that judicial estoppel applied. *Id*. at 10, 13.

Our standard of review of issues concerning 18 Pa.C.S. § 110 is plenary. *Commonwealth v. George*, 38 A.3d 893, 896 (Pa. Super. 2012) (citation omitted). Section 110 provides, in relevant part, as follows:

> **When prosecution barred by former prosecution for different offense**
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
>> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:
>>
>> * * *
>>
>> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii).

The policies behind 18 Pa.C.S. § 110 serve two purposes: "to protect accused persons from governmental harassment of undergoing successive trials for offenses stemming from the same episode, and to promote judicial

economy and finality by avoiding repetitious litigation." *George*, 38 A.3d at 896 (Pa. Super. 2012) (citation omitted). "By requiring compulsory joinder of all charges arising from the same criminal episode, a defendant need only 'once run the gauntlet' and confront the awesome resources of the state." *Id*. (quoting *Commonwealth v. Hude*, 458 A.2d 177, 180 (Pa. 1983)).

The test for whether 18 Pa.C.S. § 110 bars a subsequent prosecution was set forth in *Commonwealth v. Fithian*, 961 A.2d 66 (Pa. 2008); the elements of that test are as follows:

> (1) the former prosecution must have resulted in an acquittal or conviction;
>
> (2) the current prosecution is based upon the same criminal conduct or arose from the **same criminal episode** as the former prosecution;
>
> (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and
>
> (4) the current offense occurred within the same judicial district as the former prosecution.

*Id*. at 72 (emphasis added).

Here, only the second prong, known as the "logical relationship" prong, is at issue. In *Commonwealth v. Reid*, 77 A.3d 579 (Pa. 2013), the Pennsylvania Supreme Court applied its earlier holding from *Hude* and instructed that courts considering the logical-relationship prong should look at the temporal and logical relationship among the charges to determine whether they arose from a single criminal episode. *Reid*, 77 A.3d at 582 (citing *Hude*, 458 A.2d at 181). The *Reid* Court explained:

Generally, charges against a defendant are clearly related in time and require little analysis to determine that a single criminal episode exists. However, in defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be considered.

*Reid*, 77 A.3d at 582 (quoting *Hude*, 458 A.2d at 181). The Court continued:

In ascertaining whether a number of statutory offenses are logically related to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. If there is duplication, then the offenses are logically related and must be prosecuted at one trial. The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test does not require an absolute identity of factual backgrounds.

*Id*. (quoting *Hude*, 458 A.2d at 181).

In determining if the "logical relationship" prong of the test has been met, we must ... be aware that a mere *de minimis* duplication of factual and legal issues is insufficient to establish a logical relationship between offenses. Rather, what is required is a substantial duplication of issues of law and fact.

In *Hude*, we found that such substantial duplication had occurred. We did not, however, reach this conclusion by merely cataloguing simple factual similarities or differences between the various offenses with which the defendant was charged. Rather, we found that these offenses presented substantial duplication of issues of law and fact because the case did not involve "a situation where different evidence was required to be introduced to establish the alleged individual instances of possession and delivery", but rather, involved a

> situation in which the Commonwealth's case in both the first and second drug trials rested solely upon the credibility of a single witness. Thus, we concluded that the drug charges brought against the defendant were not only temporally related but also logically related, and thus constituted a single criminal episode.

*Reid*, 77 A.3d at 582-583 (quoting ***Commonwealth v. Bracalielly***, 658 A.2d 755, 761-762 (Pa. 1995)). The Supreme Court also cautioned lower courts against "cataloguing simple factual similarities or differences and interpreting the term single criminal episode too rigidly." *Reid*, 77 A.3d at 581-582 (internal quotation marks omitted).

In the case at bar, the Commonwealth claims that the October and December arrests were not part of the same criminal episode. Commonwealth's Brief at 10. The Commonwealth asserts that:

> the prosecution arising from the October arrest and the prosecution arising from the December arrest related to different criminal episodes. The two episodes were two months apart. Moreover, they were not logically connected. They involved different buyers (one was a CI and one was not), different police officers, and different co-conspirators. [Appellee] delivered drugs to the buyer directly in the December episode, while Beckman delivered drugs in the October episode. [Appellee's] relative was involved in [the] December episode but not the October one, and Beckman was involved in the October episode but not the December one. Because different evidence would be necessary to prove the offenses in each case, there is no substantial duplication of issues of fact and law, and the two prosecutions related to separate episodes.

Commonwealth's Brief at 11-12.

We agree with the Commonwealth and conclude that the events supporting the October arrest and the December arrest were not part of the

same criminal episode. The prosecutions do not depend on the same evidence or the credibility of one witness. The buyers, sellers, and police officers were different in each instance. Thus, we conclude that the trial court erred in finding that the October arrest and the December arrest were part of one criminal episode.

Additionally, the Commonwealth avers that the trial court erred in concluding that it was estopped from opposing Appellee's motion for dismissal. Commonwealth's Brief at 13. The trial court considered the Commonwealth's mention of Rule 582 and discussion of joinder as an assertion that the October and December arrests were necessarily part of the same criminal episode. The trial court concluded as follows:

> In the present matter, the Commonwealth filed a dual motion, which included a motion to consolidate [Appellee's] October and December arrests for joint trial, pursuant to Pa.R.Crim.P. 582.[1] After the 404(b) component of the dual

_____

[1] **Rule 582. Joinder--Trial of Separate Indictments or Informations**

**(A) Standards**

(1) Offenses charged in separate indictments or informations may be tried together if:

(a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or

(b) the offenses charged are based on the same act or transaction.

*(Footnote Continued Next Page)*

motion was granted, [Appellee] filed a Motion to Dismiss, pursuant to Pa.C.S.A. § 110, advocating that the October arrest was from the same criminal episode as the December arrest; therefore, failure to consolidate barred subsequent prosecution. In response to [Appellee's] Motion to Dismiss, the Commonwealth advocated a position contrary to its previous motion to consolidate and asserted that the two matters were not fit to be joined.

Trial Court Opinion, 12/12/14, at 11.

The trial court continued:

The Commonwealth claims that the joinder component of its dual motion was a mistake, with an unfortunate caption; and, although filed with the Court, the Commonwealth maintains it never had any intention to consolidate the two matters. Yet, there are numerous instances in the dual motion that indicate otherwise. For instance, the dual motion clearly stated that it was being offered to the Court pursuant to Pa. R.E. 404(b) *and* pursuant to Pa. R. Crim.P. 582. The dual motion also specifically requested to take it as "an intention to introduce at trial . . . evidence of other crimes, wrongs, or acts, *if joinder of both criminal matters is not granted*." (emphasis added). As previously stated, the dual motion also asserted that, "both cases *consolidated together* illustrate that there is a *common scheme*." (emphasis added and original, respectively). In addition, the Commonwealth's <u>only</u> requested relief under the dual motion's "WHEREFORE" paragraph "respectfully request[ed] that these cases be consolidated for a joint trial."

Trial Court Opinion, 12/12/14, at 11.

The trial court then engaged in a discussion of judicial estoppel and its effects in the present case. We note that judicial estoppel provides that "a party in a criminal proceeding cannot argue for a specific ruling and then,

*(Footnote Continued)* ⸺⸺⸺⸺⸺

Pa.R.Crim.P. 582(A)(1).

- 10 -

after obtaining a favorable ruling, claim that the trial judge committed an error of law in making that ruling." *Commonwealth v. Hayes*, 755 A.2d 27, 35 (Pa. Super. 2000).[2]

As noted above, Pa.R.Crim.P. 582 permits offenses charged in separate informations to be tried together if: the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or the offenses charged are based on the same act or transaction. Pa.R.Crim.P. 582(A)(1)(a) and (b). However, we point out that the Commonwealth never claimed that the October arrest and the December arrest were part of one criminal episode. Rather, the Commonwealth argued that the facts

---

[2] With respect to the viability of the doctrine of judicial estoppel in Pennsylvania, we note that:

> A panel of this Court once held that notions of equity have no place in criminal proceedings. *See Commonwealth v. Shinn*, 368 Pa.Super. 436, 534 A.2d 515, 518 (1987) (holding that "equitable estoppel has no place in the criminal law"). Nonetheless, a later panel has given equitable doctrines, in a criminal context, an imprimatur of validity. This Court, in *Commonwealth v. Lam*, 453 Pa.Super. 497, 684 A.2d 153 (1996), examined the concept of judicial estoppel as a viable doctrine in criminal proceedings. *See Lam*, 684 A.2d at 164–65. Although it ultimately proved to be an unsuccessful argument, that panel accepted judicial estoppel as a practical theory. *See id*.

*Hayes*, 755 A.2d at 35 (footnote omitted).

underlying the October and December arrests were part of a common scheme under Pa.R.E. 404(b). Notice of Intent to Introduce Other Acts or Evidence and Motion to Consolidate Matters for Joint Trial, 11/1/13, at 3-5.

In *Commonwealth v. Spotz*, 756 A.2d 1139 (Pa. 2000), our Supreme Court discussed the distinction between evidence admitted under Pa.R.E. 404(b) and evidence constituting a single criminal episode:

> Initially, we reject appellant's suggestion that, merely because certain evidence of appellant's previous crimes was relevant and admissible in this prosecution, the crimes must be deemed to be part of the same criminal episode. Other crimes evidence may be admissible, as it was here, for a wide variety of evidentiary purposes; but that fact alone does not prove such a logical connection between the acts so as to constitute a single criminal episode.

*Spotz*, 756 A.2d at 1158.

Here, the purpose of the Commonwealth's motion was to introduce direct evidence of Appellee's involvement in the sale of drugs, as illustrated through the scheme common to both the October and December arrests. Notice of Intent to Introduce Other Acts or Evidence and Motion to Consolidate Matters for Joint Trial, 11/1/13, at 3-5. The intention of the motion was never a joint trial. Indeed, the Commonwealth avers that the inclusion of "joint trial" language was a mistake. Commonwealth's Brief at 14.[3] The trial court rejected this explanation and discussed the language in

_____

[3] The Commonwealth made this same argument at the April 7, 2014 hearing. The Commonwealth averred that joinder was impossible and that
*(Footnote Continued Next Page)*

- 12 -

the motion concerning a common scheme and found it was a request for joinder. Trial Court Opinion, 12/12/14, at 11. However, as discussed above, the language in the motion alleges only common scheme, not a motion for joinder claiming a single criminal episode. Additionally, at the time the Commonwealth filed its motion, **a joint trial was not possible**, as the crimes underlying the December arrest had already been prosecuted to conviction. We conclude that because the language in the motion focuses on a request under Pa.R.E. 404(b), and given the impossibility of the relief allegedly sought by the Commonwealth, the joint trial language was included in error. Accordingly, what remains in the motion is only the Commonwealth's request under Pa.R.E. 404(b). Thus, because we conclude that the Commonwealth did not argue for joinder, it cannot be estopped from arguing against it.

For the reasons set forth above, we conclude the trial court erred in granting Appellee's motion to dismiss pursuant to 18 Pa.C.S. § 110. Therefore, we reverse the order granting Appellee's motion to dismiss and remand this matter to the trial court to reinstate the charges from docket number CP-51-CR-0012336-2011.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

_(Footnote Continued)_ ────────────────────

the inclusion of the joinder language was a "cutting [and] pasting issue" and was "clearly a mistake." N.T., 4/7/14, at 3-4.

Judge Donohue joins the Memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2015