J-A31003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER BLOOMFIELD, | |
| Appellant | No. 653 EDA 2016 |

Appeal from the Order Entered February 2, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000378-2015

BEFORE: BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED OCTOBER 02, 2017**

Appellant, Christopher Bloomfield, filed the instant interlocutory appeal from the order of the Court of Common Pleas of Philadelphia County (CCPPC) denying his motion to dismiss the prosecution of two charges filed pursuant to the Uniform Firearms Act. Appellant's motion to dismiss asserted that the prosecution of his firearms offenses is barred by 18 Pa.C.S. § 110, because he had previously been convicted of a traffic offense, arising out of the same criminal episode, in the Traffic Division of the Municipal Court of Philadelphia (TDMCP). In view of this Court's recent decision in **_Commonwealth v. Perfetto_**, ___ A.3d ___, 2017 WL 3776631 (Pa. Super. 2017) (*en banc*), we are compelled to affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

Philadelphia police arrested Appellant on July 28, 2014, and charged him with carrying a firearm without a license, 18 Pa.C.S. § 6106, carrying a firearm in public in Philadelphia, 18 Pa.C.S. § 6108, and failing to properly employ a turn signal, 75 Pa.C.S. § 3334(b). The facts leading to Appellant's arrest, although summarized by the trial court in its opinion, are not pertinent to this appeal. *See* Trial Court Opinion (TCO), 3/2/16, at 2-3. On August 22, 2014, Appellant appeared before the TDMCP and entered a guilty plea to the traffic offense. Appellant was scheduled to appear for a jury trial before the CCPPC for the firearms offenses on February 2, 2016. On the eve of trial, he motioned, *inter alia*, to dismiss the firearms charges premised on the compulsory joinder rule set forth in 18 Pa.C.S. § 110. "After [a] full hearing on February 2, 2016, th[e trial c]ourt formally denied [Appellant]'s Motion To Dismiss Pursuant to 18 Pa.C.S.[] § 110(1)(ii), and granted [him] leave to file an [i]nterlocutory [a]ppeal over the objection of the Commonwealth." TCO at 6.

Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court issued its Rule 1925(a) opinion on March 2, 2016. Appellant now presents the following question for our review: "Did not the lower court err in denying [A]ppellant's motion to dismiss pursuant to 18 Pa.C.S. § 110 where [A]ppellant had previously been convicted of an offense which arose from the same criminal episode as the offense[s] in the instant case?" Appellant's Brief at 3.

Section 110 of Title 18 provides, in pertinent part, as follows:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; …

18 Pa.C.S. § 110(1).

Consequently, our Supreme Court has held that

Section 110, known as the compulsory joinder rule, bars a subsequent prosecution if each prong of the following test is met:

(1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges [are] within the same judicial district as the former prosecution.

***Commonwealth v. Reid***, 77 A.3d 579, 582 (Pa. 2013) (citation omitted).

It is not disputed that the first three prongs of the compulsory joinder rule were met in the instant case. At issue is Appellant's contention that "the two prosecutions occurred within the same judicial district." Appellant's Brief at 9. Appellant provides very little analysis of this aspect of his claim,

other than to baldly (but not incorrectly) state that the TDMCP and CCPPC "share the First Judicial District." *Id.*

Recently, this Court addressed an identical issue in *Perfetto*. In that case, as here, there was no dispute with regard to the first 3 prongs of the compulsory joinder rule. *Perfetto*, 2017 WL 3776631 at 8. The procedural history at issue in *Perfetto* is also virtually identical to the instant matter. Perfetto was charged with three driving under the influence ("DUI") offenses and a related summary traffic offense. *Id.* at 2. Following a trial held *in absentia*, Perfetto was found guilty of the traffic offense in the TDMCP. *Id.* Subsequently, he motioned to dismiss his subsequent prosecution for the DUI offenses premised on the compulsory joinder rule, 18 Pa.C.S. § 110. *Id.* In *Perfetto*, however, the trial court granted the appellant's motion, and the Commonwealth appealed.

The *Perfetto* Court ultimately held that the compulsory joinder rule did not bar the appellant's subsequent prosecution, despite the fact that the TDMCP and CCPPC fall within the same judicial district, thereby reversing the lower court. *Id.* at 9. The *Perfetto* Court reasoned that 42 Pa.C.S. § 1302(a.1)(1)(i) provides a division of labor within the Philadelphia judicial district where "the exclusive jurisdiction of the court of common pleas is superseded by the exclusive jurisdiction of a minor court[,]" and, "[i]n judicial districts with a designated and open traffic court such as Philadelphia, 42 Pa.C.S. § 1302 expressly defines the jurisdiction of a traffic court and effectively carves out an exception to the normal operation of the

- 4 -

compulsory joinder rule." *Id.* at 5. Moreover, the *Perfetto* Court found that jurisdiction for traffic-related summary offenses rested "solely" in the TDMCP. *Id.* at 8.

> Therefore, in the context of compulsory joinder, where a defendant is charged with a summary traffic violation and a misdemeanor, the Title 75 summary offense must be disposed of in a proceeding in the Philadelphia Municipal Court Traffic Division, which has jurisdiction exclusive of the Court of Common Pleas, and a separate proceeding must be held for the remaining, higher offenses.

*Id.*

As that is precisely what occurred in the instant case, Appellant is not entitled to relief based on the compulsory joinder rule set forth in 18 Pa.C.S. § 110. As such, we conclude that the trial court did not err or otherwise abuse its discretion when it denied Appellant's motion to dismiss.

Order *affirmed*.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary


Date: *10/2/2017*