J. S67011/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 2464 EDA 2015 |
| | : | |
| LIONEL PEAL | : | |

Appeal from the Order, July 30, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. MC-51-CR-0041060-2012

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED OCTOBER 12, 2017**

The Commonwealth appeals from the July 30, 2015 order entered in the Court of Common Pleas of Philadelphia County that granted appellee Lionel Peal's motion to dismiss based on a violation of Pennsylvania's compulsory joinder statute, 18 Pa.C.S.A. § 110.   In light of this court's recent ***en banc*** decision in ***Commonwealth v. Perfetto***, ___ A.3d ___, 2017 WL 3776631 (Pa.Super. 2017) (***en banc***), we reverse and remand.

The trial court set forth the following:

> [O]n October 6, 2012, [appellee] was arrested in Philadelphia after officers observed him in the area of an auto accident near 2201 Tremont Street, and cited him for being involved in an automobile accident, leaving the scene, striking a tree, etc.  He was arrested and subsequently charged with the misdemeanor offense of Driving Under

---

* Former Justice specially assigned to the Superior Court.

Intoxication [sic] (DUI) pursuant to 75 Pa.C.S.[A.] § 3802, and summary offenses for traffic violations, including: Failure to Give Info [sic] or Aid, Failure to Carry a License, Failure to Provide Proof of Insurance, and Failure to Carry Valid Registration. On April 23, 2013, [appellee] was found guilty of Failing to Give Information or Aid in the Philadelphia Traffic Court; the DUI charge was not adjudicated on that date. On June 26, 2015, [appellee] moved to dismiss the DUI charge in Municipal Court before the Honorable Martin Coleman, arguing that the Commonwealth was barred from prosecuting him under the compulsory joinder provisions of 18 Pa.C.S.[A.] § 110(ii) because he was previously prosecuted for and convicted of Failing to Give Information or Aid. On June 26, 2015, Judge Coleman denied [appellee's] motion. [Appellee] then petitioned for an interlocutory appeal to the Court of Common Pleas. On July 30, 2015, the Honorable Michael E. Erdos granted [appellee's] petition and dismissed [appellee's] charges pursuant to Rule 110.[Footnote 1]

[Footnote 1] On June 19, 2013, the Philadelphia Traffic Court merged with the Municipal Court, a sea change necessitated because of widespread and rampant corruption throughout Traffic Court that resulted in numerous federal indictments. It is therefore unlikely that the compulsory joinder issue will rear its head in the future with respect to summary traffic offenses.

Trial court opinion, 1/28/16 at 1-2 (citation to summary trial exhibit omitted).

The record reflects that the Commonwealth filed a timely notice of appeal to this court and, simultaneously and without being ordered to

pursuant to Pa.R.A.P. 1925(b), a concise statement of errors complained of on appeal. Subsequently, the trial court filed a Rule 1925(a) opinion.

The Commonwealth raises the following issue for our review: "Did the lower court err when, in contravention of Supreme Court precedent, it dismissed the charge of driving under the influence pursuant to [the compulsory joinder statute,] 18 Pa.C.S.[A.] § 110[,] based on the prior adjudication of summary traffic offenses?" (Commonwealth's brief at 4.)

Here, in analyzing whether the compulsory joinder rule barred the subsequent felony prosecution, the trial court correctly applied the four-prong test set forth in *Commonwealth v. Reid*, 77 A.3d 579, 582 (Pa. 2013). Under that test, the compulsory joinder rule bars a subsequent prosecution if each of the following is met:

> (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges [are] within the same judicial district as the former prosecution.

*Id.* (citation omitted; bracket in original).

In applying this test, the trial court found that the compulsory joinder rule barred appellee's subsequent DUI prosecution because all four prongs were satisfied. Preliminary, we note that no dispute exists that appellee's prosecution on the summary traffic offense resulted in a conviction, that the DUI prosecution would be based on the same criminal conduct or arose from

the same criminal episode, and that the Commonwealth knew of the DUI charges before the summary trial. In light of **Perfetto**, 2017 WL 3776631, however, appellee fails to satisfy the fourth **Reid** test prong.

In **Perfetto**, 2017 WL 3776631 at *11, this court held that where a defendant's summary traffic offense was to be heard solely in the Philadelphia Municipal Court Traffic Division pursuant to its jurisdiction in accordance with Pa.C.S.A. § 1302(a.1)(1)(i), a prior disposition of that summary traffic offense in traffic court does not bar a later prosecution of other criminal charges that arose in the same judicial district and at the same time as the summary traffic offense because Section 1302 carves out an exception to compulsory joinder and directs that the summary traffic offense is within the exclusive jurisdiction of the traffic court. Consequently, appellee's subsequent prosecution on the misdemeanor DUI charge was not barred by compulsory joinder.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2017

- 4 -