J. S67009/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 2449 EDA 2015 |
| | : | |
| JOHNATHAN CRUZ | : | |

Appeal from the Order Entered July 16, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001778-2013

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED OCTOBER 12, 2017**

The Commonwealth appeals from the July 16, 2015 order entered in the Court of Common Pleas of Philadelphia County that granted appellee Johnathan Cruz's motion to dismiss, which asserted a violation of Pennsylvania's compulsory joinder rule codified at 18 Pa.C.S.A. § 110. Based on this court's recent **en banc** decision in **Commonwealth v. Perfetto**, ___ A.3d ___, 2017 WL 3776631 (Pa.Super. 2017) (**en banc**), we reverse and remand.

The trial court set forth the following:

> [Appellee] was arrested on August 10, 2012, and charged with possession with the intent to distribute, possession of a controlled substance, violations of the uniform firearms act, possession of an instrument of crime, receiving stolen property, and

---

* Former Justice specially assigned to the Superior Court.

conspiracy.[Footnote 1] At the time of his arrest, [appellee] was also charged with two summary traffic citations arising from the same incident: operating a vehicle without a license and operating a vehicle without a rear light.[Footnote 2] The traffic violations were brought before Traffic Court on October 12, 2012. [Appellee] was tried and found guilty *in absentia* at this time. The trial *in absentia* occurred while [appellee] was in custody on an unrelated matter. [The] Commonwealth then proceeded with the prosecution of the remaining misdemeanor and felony charges in Common Pleas Court. [Appellee] filed a motion to dismiss on the basis that the compulsory joinder rule bars the second prosecution after a first trial was already held in the traffic division. [Appellee's] motion was granted on July 16, 2015.

> [Footnote 1] 35 Pa.C.S.A. §§ 780-113(a)(30), 780-113(a)(16)[;] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108, 907(a), 3925(a), and 903(c), respectively.
>
> [Footnote 2] 75 Pa.C.S.A. §§ 1501(a) and 4303(b), respectively.

Trial court opinion, 11/18/15 at 1-2 (acronyms and record references omitted).

The record reflects that the Commonwealth filed a timely notice of appeal to this court and, simultaneously and without being ordered to pursuant to Pa.R.A.P. 1925(b), a concise statement of errors complained of on appeal. Subsequently, the trial court filed a Rule 1925(a) opinion.

The Commonwealth raises the following issue for our review: "Did the lower court err when, in contravention of Supreme Court precedent, it dismissed felony and misdemeanor charges pursuant to [the compulsory

joinder statute,] 18 Pa.C.S.[A.] § 110[,] based on the prior adjudication of summary traffic offenses?" (Commonwealth's brief at 4.)

Here, in analyzing whether the compulsory joinder rule barred the subsequent felony prosecution, the trial court correctly applied the four-prong test set forth in **Commonwealth v. Reid**, 77 A.3d 579, 582 (Pa. 2013). Under that test, the compulsory joinder rule bars a subsequent prosecution if each of the following is met:

> (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges [are] within the same judicial district as the former prosecution.

**Id.** (citation omitted; bracket in original).

In applying this test, the trial court found that the compulsory joinder rule barred appellee's subsequent felony prosecutions because all four prongs were met. Preliminary, we note that no dispute exists that appellee's prosecution on the summary traffic offenses resulted in convictions, that the felony prosecution would be based on the same criminal conduct or arose from the same criminal episode, and that the Commonwealth knew of the felony charges before the summary trial. In light of **Perfetto**, 2017 WL 3776631, however, appellee fails to satisfy the fourth **Reid** test prong.

In **Perfetto**, 2017 WL 3776631 at *11, this court held that where a defendant's summary traffic offense was to be heard solely in the

Philadelphia Municipal Court Traffic Division pursuant to its jurisdiction in accordance with Pa.C.S.A. § 1302(a.1)(1)(i), a prior disposition of that summary traffic offense in traffic court does not bar a later prosecution of other criminal charges that arose in the same judicial district and at the same time as the summary traffic offense because Section 1302 carves out an exception to compulsory joinder and directs that the summary traffic offense is within the exclusive jurisdiction of the traffic court. Consequently, appellee's subsequent prosecution on the misdemeanor and felony charges was not barred by compulsory joinder.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2017