J-A08038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
          :                 PENNSYLVANIA
          :
         v.          :
          :
          :
JAYCIN STILLWAGON          :
          :
     Appellant     :   No. 871 WDA 2022

Appeal from the Order Entered July 21, 2022
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000993-2019

BEFORE: STABILE, J., SULLIVAN, J., and PELLEGRINI, J.[*]

CONCURRING MEMORANDUM BY SULLIVAN, J.:   **FILED: APRIL 21, 2023**

I concur in the result affirming the denial of Jaycin Stillwagon's

("Stillwagon") motion to dismiss the criminal charge of interference with

custody of children ("interference with custody"), 18 Pa.C.S.A. § 2904(a),

based on double jeopardy grounds. However, since the order in this case was

a civil contempt order, not a criminal contempt order, a double jeopardy

analysis is unnecessary.

As the majority correctly explains, this case arises from Stillwagon's

motion to dismiss the criminal charge of interference with custody against her

based on double jeopardy grounds. She asserts that the trial court's finding

that she committed contempt by failing to comply with her custody agreement

with Tyler Stouffer ("Stouffer") concerning their child ("Child") constituted a

---

[*] Retired Senior Judge assigned to the Superior Court.

finding of indirect criminal contempt. The court that issued the Rule 1925(a) Opinion determined that the contempt order was civil in nature, not criminal. *See* Opinion, 7/21/22 at 4-5.

The majority examines each of the three bases for the trial court's contempt order and determines that at least one was criminal in nature and requires a double jeopardy analysis under *Commonwealth v. Blockburger*, 284 U.S. 299 (1932), to determine if double jeopardy precludes Stillwagon's prosecution for interference with custody. Upon review, the trial court clearly found Stillwagon to be in civil contempt, not criminal contempt, and the *Blockburger* double jeopardy test, which only applies to a second criminal prosecution for the same criminal conduct,[1] is inapplicable.

Contempt of court may be classified as civil or criminal in nature. As the majority states, the distinction between the two categories of contempt rests in the lower court's purpose for its finding. As this Court has written:

> [i]f the dominant purpose of the court is to prospectively coerce the contemnor into compliance with the court's directive, the adjudication is one of civil contempt. However, if the court's dominant purpose is to punish the contemnor for disobedience of the court's order, the adjudication is one of criminal contempt.

*In re C.W.*, 960 A.2d 458, 466 (Pa. Super. 2008) (citation omitted). Here, Stouffer filed a motion for contempt of court because Stillwagon egregiously disregarded the custody order in effect since 2016 by failing to allow Stouffer

---

[1] *See Commonwealth v. Reid*, 77 A.3d 579, 585 (Pa. 2013); *Commonwealth v. Jackson*, 10 A.3d 341, 344-45 (Pa. Super. 2010).

custody on each and every scheduled partial custody date from September 2, 2018 until the March 5, 2019 date of the contempt hearing, depriving him of twenty-seven days and nights of custody. *See* Order, 3/5/19 at 2. When Stillwagon failed to appear at the contempt hearing despite having had notice of the hearing and failing to provide a valid explanation or excuse for her failure to appear, the trial court found her in contempt of court and issued a bench warrant for her arrest. *See id*. at 2. The court's order stated that Stillwagon was to be incarcerated and that the court would then "reschedule a sanctions hearing as soon as possible, ideally within seventy-two . . . hours." *See id*. As the majority forthrightly acknowledges, the bench warrant was not effectuated, Stillwagon was never incarcerated, and within seventy-two hours, the trial court modified the custody order. *See* Majority at 4.

The trial court's order clearly indicates on its first page that the civil contempt order arose from the Civil Division, not the Criminal Division. *See* Order, 3/5/19 at *1. The bench warrant for Stillwagon's arrest similarly issued from the Civil Division and explicitly states that Stillwagon is to be delivered to custody of the Fayette County Jail "until the Court schedules a hearing on [Stillwagon's] bench warrant," which was issued "because [Stillwagon] failed to appear for a [c]ontempt hearing . . .." *See* Bench Warrant 3/5/19. In its Rule 1925(a) Opinion, the court assigned to the case stated that "the entire thrust of the [trial court's] March 5, 2019 [order] is to obtain compliance with the existing order and not to impose punishment. The fact that [Stillwagon]

was ordered to be held in jail would appear to be to facilitate a hearing, not impose punishment." *See* Rule 1925(a) Opinion at 4-5.

There are two things that are clear from the record – (1) the dominant purpose of the contempt order was to compel Stillwagon's appearance at the contempt hearing, and (2) the arrest warrant was never effectuated and Stillwagon suffered no criminal sanctions. Those are the hallmarks of a civil contempt order, not of indirect criminal contempt. *See In re C.W.*, 960 A.2d at 466. As stated, a double jeopardy analysis is necessary only when a person faces a second criminal prosecution for the same criminal conduct. *See Commonwealth v. Reid*, 77 A.3d at 585; *Commonwealth v. Jackson*, 10 A.3d at 344-45. Double jeopardy has no relevance to this civil contempt case. For those reasons, I concur in the majority determination that Stillwagon's prosecution for interference with custody may proceed.[2]

---

[2] At oral argument, Stillwagon cited *Commonwealth v. Thompson*, 284 A.3d 932 (Pa. Super, filed August 22, 2022) (unpublished opinion), which states that double jeopardy attaches in custody cases where after a finding of criminal contempt, criminal charges are subsequently filed for interference with custody based on the same conduct that resulted in the criminal contempt conviction. *See Thompson*, at *5. *Thompson* is an unpublished decision that has no precedential authority. *See* Pa.R.A.P. 126. Moreover, *Thompson* is readily distinguishable because it involved a *criminal* contempt conviction – the trial court stated that the question was whether Thompson's conduct constituted direct *criminal* contempt or indirect *criminal* contempt. *See id*. at *1. The contempt order here, in contrast, was intended only to compel Stillwagon's appearance in court. Additionally, Thompson received a criminal fine of $1,000 and a five-day term of imprisonment. Here, the parties concede that Stillwagon was not jailed, fined, or subjected to any criminal sanctions. Thus, as the majority recognizes, *see* Majority at 13, Thompson is inapposite.