J-S27042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES WILLIAM SMITH, JR., | |
| Appellant | No. 1565 MDA 2015 |

Appeal from the Order Entered September 9, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002949-2015

BEFORE:  SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED APRIL 06, 2016**

Appellant James William Smith, Jr. appeals from Order entered in the Court of Common Pleas of York County by the Honorable Craig T. Trebilcock on September 9, 2015, denying his motion to dismiss pursuant to 18 Pa.C.S.A. § 110.[1]  Upon our review of the record, we affirm.[2]

---

[1] Known as the Compulsory Joinder Rule, Section 110 reads as follows:

> § 110. When prosecution barred by former prosecution for different offense
>
> Currentness
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

*(Footnote Continued Next Page)*

---

*Former Justice specially assigned to the Superior Court.

*(Footnote Continued)* ───────

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

(3) The former prosecution was improperly terminated, as improper termination is defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

18 Pa.C.S.A. § 110.

[2] Where the trial court denies a double jeopardy motion but does not find it to be frivolous, the court shall advise the defendant on the record that the denial is immediately appealable as a collateral order. Pa.R.Crim.P. 587(B)(6). As such, the trial court's September 9, 2015, Order is appealable as a collateral order. *See Commonwealth v. Taylor*, 120 A.3d 1017, 1021 (Pa.Super. 2015) (stating orders denying a defendant's motion to dismiss on double jeopardy grounds are appealable as collateral orders, so long as the motion is not found to be frivolous).

On June 16, 2014, Detective Ogden Dickerson III of the Springettsbury Township Police Department charged Appellant with one count of retail theft. In his Incident Report, Officer Dickerson indicated the retail theft occurred at a Walmart located at 2801 East Market Street in Springettsbury Township, York, PA on June 1, 2014, at approximately 2:20 p.m. (hereinafter "East York Walmart"). At that time, Appellant entered the East York Walmart, removed two air conditioning units priced at $199.00 each from a display and placed them in a shopping cart. He proceeded to push the shopping cart out of the store without paying for the units and quickly loaded them into a green, 1997 Mercury Sable. Brenda Crumling, a Walmart employee who had been sitting in her car in the parking lot, thought it odd that Appellant was hurrying to place the two units in the car and took a photograph of the Mercury Sable with her cell phone before Appellant drove away. Upon receiving the information from Ms. Crumling, Loss Prevention Officer Maria Harlacker discovered two air conditioning units were missing and had not been paid for.

On June 23, 2014, Officer Jeffrey Leer also of the Springettsbury Township Police Department charged Appellant with one count of retail theft as result of an incident that occurred on June 5, 2014, at the East York Walmart at approximately 5:02 p.m. In his Incident Report, Officer Leer indicated that he had interviewed Ms. Harlacker and a Walmart employee, Jonathan Lyttle. Mr. Lyttle recognized Appellant as the individual who had stolen two air conditioners four days earlier. He observed that on this day,

Appellant was accompanied by an adult female and a child, later identified as Desiree Bange and Appellant's three-year-old daughter. Mr. Lyttle followed the trio to the hardware department, and Ms. Harlacker watched the couple and child via video surveillance. They observed Appellant select two air conditioners and place them in his cart. He then picked up the child and carried her to the front of the store followed by Ms. Bange who pushed the merchandise out of the store. Mr. Lyttle tried to stop Ms. Bange, but she abandoned the merchandise and fled in a red Jeep Liberty. Appellant, still holding the child, got into a green Mercury Sable and fled as well. On October 15, 2014, Appellant pled guilty to both of these retail theft charges.

The instant matter arose out of an incident that occurred on June 1, 2014, at a Walmart located at 1800 Loucks Rd in West Manchester Township in York at approximately 5:07 p.m. (hereinafter "West York Walmart"). In a Criminal Complaint filed on March 11, 2015, Officer John P. Hanuska of the West Manchester Township Police Department charged Appellant with one count of retail theft graded as a felony.[3] In his Affidavit of Probable Cause, Officer Hanuska indicated that Appellant along with two female accomplices, whom he stated Appellant referred to with what he believed to be the fictitious names "Elizabeth" and "Banks," entered the West York Walmart and proceeded to select two air conditioners priced at $199.00 each.

---

[3] 18 Pa.C.S.A. § 3929(a)(1).

Appellant placed them in a shopping cart and pushed the cart out of the store without paying for the merchandise. Loss Prevention Officer Arunya Harrison was unable to stop the trio, and they drove away in a teal Mercury Sable. Upon further investigation by Officer Hanuska, Appellant was identified and represented he unknowingly had stolen the air conditioners because the two females told him they had been paid for. He further indicated that each of his cohorts had taken an air conditioner and that he would attempt to recover them and return them to police.

A pretrial conference was held on August 13, 2015, and the matter was listed for trial during the September 2015 term; however, prior thereto, on August 28, 2015, Appellant filed a pretrial motion wherein he requested that the charge be dismissed and reasoned the prosecutor was barred from prosecuting the offense under 18 Pa.C.S.A. § 110. The trial court heard testimony and oral argument on the motion on September 9, 2015, and entered an order denying the motion on that same day. Appellant filed a timely notice of appeal on September 11, 2015, and the trial court entered its order pursuant to Pa.R.A.P. 1925 on September 22, 2015. Appellant timely filed his statement of matters complained of on appeal on October 13, 2015.

In its 1925(a) Order, the trial court incorporated for this Court's review its Findings and Order entered during the oral argument held on September 9, 2015. *See* Opinion in Support of Order Pursuant to Pa.R.A.P. 1925(a) at 2 (citing N.T. Hearing, 9/9/15, at 33-40). Therein, the trial court initially

found Appellant's motion was not frivolous. It further held that the plain meaning of the term prosecuting officer as it is used in Section 110 refers to the District Attorney's Office. N.T. Hearing, 9/9/15, at 33. In doing so, the trial court reasoned that police officers cannot prosecute cases in the trial court as such action would constitute practice of law without a license. *Id.* at 33-34. The trial court thereafter offered the following explanation for rejecting Appellant's compulsory joinder claim on the record:

> The instant case that's before this [c]ourt, 2949, occurred on June 1, 2014, at approximately 5:02 p.m. at the Wal-Mart in West Manchester Township, different police jurisdiction.
> In this instance, [Appellant] is alleged to have committed this crime with two other females. The police for West Manchester did not file their case until March 23rd, [sic] 2015. The [c]ourt has no credible evidence before it that the police in West Manchester ever brought this case to the attention of the prosecuting officer, that is, the District Attorney's Office in York County prior to filing the case in March 23, 2015. So [Appellant] had already been found guilty in the first case by the time the instant case was ever filed.
> What we've been referencing as the third retail theft, which has already been disposed of with a finding of guilt, occurred on June 5, 2014, at 7:02 p.m. at the Wal-Mart in Springettsbury Township, York County, Pennsylvania. Again, Springettsbury Township being the same township as the first alleged retail theft.
> In that instance [Appellant] was committing the crime with another female. And the criminal complaint was filed back on June 23rd, 2014.
> So the first retail theft and the third retail theft are the ones that occurred in Springettsbury Township were disposed of, both of them the prosecuting officer which the [c]ourt finds as being the District Attorney's Office, had notice and accordingly disposed of them in a timely fashion. However, they did not dispose of the West Manchester prosecution because they did not have notice of it from the West Manchester Police.

Although it occurred on June 1, 2014, same date as the first retail theft, it occurred at a different Wal-Mart store. It involved different police force, it involved different witnesses, it would have involved different store security. I believe in Wal-Mart retail theft cases you are going to have video evidence. We don't know if that exists in this case. That's not dispositive of the [c]ourt's ruling in this matter. It's just noting that that is often the case. The witnesses are not the same. The jurisdiction is not the same. The fact that there is the same corporate name is not dispositive. The fact that it occurred the same day is not dispositive under the law. The Commonwealth cited case authority on that point.

They may have the same corporate parent, but two stores were different victims and there were different factual scenarios involving both the number of perpetrators.

So this Court finds that Prong 2 of the four-prong test would fail.[4]

The third prong fails with regard to prosecution, the reasons previously stated. The York County District Attorney's Office were [sic] not aware of the instant charges for the commencement of trial on the former charges. The instant charge was filed approximately five months after [Appellant] entered guilty pleas on 5208 of 2014 and 5209 of 2014. Because Prongs 2 and 3 failed, the Commonwealth is entitled to proceed in the prosecution of the instant matter.

*Id.* at 36-38.

In his appellate brief, Appellant presents the following questions for our review:

> **ISSUE#1:** WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THAT THE TERM "PROSECUTING OFFICER" IN 18 PA.C.S. § 110 IS LIMITED TO THE DISTRICT ATTORNEY'S OFFICE WHEN THE STATUTORY LANGUAGE IS BROAD ENOUGH TO INCLUDE POLICE OFFICERS ACTING IN THE CAPACITY OF A PROSECUTOR AT A PRELIMINARY HEARING?

---

[4] We expound upon the trial court's reference to a multi-prong test, *infra*.

**ISSUE #2:** WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THAT THE OFFENSES REQUIRING COMPULSORY JOINDER OCCURRED IN DIFFERENT JURISDICTIONS WHEN THE TERM "JUDICIAL DISTRICT" IN 18 PA. C.S. § 110(1)(II) IS DEFINED AS THE GEOGRAPHICAL AREA ESTABLISHED BY THE GENERAL ASSEMBLY IN WHICH A COURT OF COMMON PLEAS IS LOCATED?

**ISSUE #3:** WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THAT THE FORMER OFFENSE AND THE CURRENT OFFENSE WERE NOT BASED ON THE SAME CRIMINAL CONDUCT OR DID NOT ARISE FROM THE SAME CRIMINAL EPISODE FOR PURPOSES OF DISMISSAL UNDER 18 PA.C.S. § 110?

**ISSUE #4:** WHETHER THE TRIAL COURT ERRED WHEN IT FOUND THAT [ ] THE DISTRICT ATTORNEY'S OFFICE WAS NOT AWARE OF THE INSTANT CHARGES AT THE TIME [OF] PROSECUTION ON THE FORMER OFFENSE COMMENCED.

At the outset, we note that this Court's standard of review of issues concerning 18 Pa.C.S.A. § 110 is plenary. *Commonwealth v. George*, 38 A.3d 893, 896 (Pa.Super. 2012). Section 110 is a legislative mandate that provides a subsequent prosecution for a violation of a statutory provision which differs from a former prosecution or is based upon independent facts will be barred in certain circumstances. *Commonwealth v. Fithian*, 961 A.2d 66, 71 (Pa. 2008). Our Supreme Court has developed a four-pronged test which must be satisfied when determining whether Section 110 bars a subsequent prosecution as follows:

(1)   the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all

- 8 -

charges [are] within the same judicial district as the former prosecution.

***Commonwealth v. Reid***, 77 A.3d 579, 582 (Pa. 2013) (citation omitted).

Herein, the Commonwealth does not dispute that the first and fourth prongs of the compulsory joinder test have been satisfied. ***See*** Brief of the Appellee at 12. Indeed, 18 Pa.C.S.A. § 109 indicates one has been convicted where a plea of guilty has been accepted by the court. 18 Pa.C.S.A. § 109(3). Herein, Appellant pled guilty to the retail theft charges arising out of the two incidents that occurred at the East York Walmart. Moreover, the instant matter would be prosecuted in the Court of Common Pleas of York County, Pennsylvania. Therefore, this Court agrees that the first and fourth elements required for compulsory joinder have been satisfied.[5] Notwithstanding, all four prongs must be satisfied to mandate joinder. ***Reid***, ***supra***. As such, we must next determine whether the current prosecution is based on the same criminal conduct or arose from the same criminal episode as the charges to which Appellant pled guilty in

---

[5]In raising his second question for our review, Appellant seems to misconstrue the trial court's holding to be that the crimes occurred within two, distinct judicial districts. To the contrary, the trial court stated that the police jurisdiction was not the same in the context of its examination of the element requiring that the prosecution be based upon the same criminal conduct or arising out of the same criminal episode. ***See*** N.T., 9/9/15, at 38 (noting that the two prior retail thefts that previously resulted in convictions were in a police jurisdiction different from that involved in the pending matter).

October of 2014 and/or whether the prosecutor was aware of the instant matter prior to that time.

The second prong of the compulsory joinder test, known as the "logical relationship prong," requires joinder when the current prosecution involves the same criminal conduct or arises from the same criminal episode. *George*, *supra* at 897. In the seminal case of *Commonwealth v. Hude*, 458 A.2d 177 (Pa. 1983), our Supreme Court instructed courts to analyze the "temporal" and "logical" relationship between the charges to determine whether they arise out of the same criminal episode. *Id*. at 181. More recently, in *Reid*, the Supreme Court expounded upon this directive as follows:

> Generally, charges against a defendant are clearly related in time and require little analysis to determine that a single criminal episode exists. However, in defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must be considered.
> With regard to the logical relationship, [our Supreme Court] noted:
> In ascertaining whether a number of statutory offenses are "logically related" to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. If there is duplication, then the offenses are logically related and must be prosecuted at one trial. The mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test does not require "an absolute identity of factual backgrounds."
> ...
> [I]n determining if the "logical relationship" prong of the test has been met, we must ... be aware that a mere *de minimis* duplication of factual and legal issues is insufficient to establish a

logical relationship between offenses. Rather[,] what is required is a substantial duplication of issues of law and fact.

...

In our consideration of the temporal and logical relationship between the criminal acts, we are guided by the policy considerations that § 110 was designed to serve:

(1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation.

...

[T]he "same criminal episode" analysis cannot be made by merely cataloguing simple factual similarities or differences between the various offenses with which the defendant was charged[,] even if the offenses at issue constitute an enterprise. A proper analysis requires courts to determine whether there is a substantial duplication of issues of fact and law.

*Commonwealth v. Reid*, 77 A.3d 579, 582–583, 586 (Pa. 2013) (internal quotation marks, citations, and footnote omitted).

In his brief, Appellant argues the crimes are both temporally and logically related for purposes of Section 110 in that the retail theft at issue in the matter *sub judice* occurred on the same day as one of the other two charges to which Appellant pled guilty and requires the same elements of proof and involves the same *modus operandi*, co-defendants and vehicle. Appellant maintains the fact the crimes occurred at two different Walmart stores and involved separate police forces is not dispositive. Brief in Support of Appeal at 25-27.

Applying **Reid** to the facts of the matter before us, we conclude the Commonwealth is not barred from prosecuting Appellant under 18 Pa.C.S.A.

§ 110. In doing so, we find the retail theft charges to which Appellant pled guilty on October 15, 2014, did not arise as part of the same criminal episode as the conduct which gave rise to the retail theft charge that is the subject of the instant case.

While we note that in all three cases, two of which occurred on June 1, 2014, and the other on June 5, 2014, Appellant was charged with one count of retail theft of two air conditioners from a Walmart, we must also consider the logical relationship of the offenses. *Reid*, 77 A.3d at 585. As the trial court noted, Appellant's prior convictions and the instant matter required proof of different facts through the testimony of distinct witnesses to establish Appellant committed a retail theft. Specifically, in the instant matter Appellant was observed to be acting with two female accomplices at the West York Walmart all of whom Loss Prevention Officer Arunya Harrison attempted to stop. As such, Ms. Harrison's testimony would be required to establish the charged offense herein.

To the contrary, the East York Walmart thefts shared more than a setting. Loss Prevention Specialist Maria Harlacker and eyewitness Brenda Crumling would have been involved in the investigation of the June 1, 2014, incident as would Jonathan Lyttle who on June 5, 2014, recognized Appellant as the perpetrator four days earlier. He, along with Ms. Harlacker, witnessed Appellant's second theft in the East York Walmart at which time

Appellant was accompanied by a female accomplice and child, though he had acted alone previously.

Also, additional physical evidence in the form of a photograph and surveillance footage depicting Appellant either alone or with a female and a child at the East York Walmart was available for the prior convictions. The video surveillance from the West York Walmart referenced by Officer Hanuska is said to depict Appellant with two females. This evidence is relevant only to the retail theft charge in the instant matter.

Moreover, the West York Walmart and the East York Walmart are separate facilities and are located in different police jurisdictions. Three officers from two different township police forces were the primary investigating officers, and neither Detective Dickerson nor Officer Leer of the Springettsbury Township Police Department who filed the charges to which Appellant pled guilty in October of 2014 participated in the investigation of the current charge brought against Appellant by Officer Hanuska of the West Manchester Police Department. It is clear that neither police report filed in the Springettsbury Township Police Department references a retail theft occurring at the West York Walmart in June of 2014. Indeed, Appellant was not charged in the instant matter until March 11, 2015, nearly five months after he had pled guilty in the other two cases.

Thus, while Appellant's thefts may be temporally related, we find there is not a substantial duplication of factual and legal issues presented by the

instant offense and the prior convictions, for any testimony that would have been presented at the first trial would not necessarily be repeated in a trial herein. As such, we conclude they are not logically related. (**Compare Commonwealth v. Anthony**, 717 A.2d 1015, 1019 (Pa. 1998) (finding prosecutions were temporally related as they covered the same period of time and a substantial duplication of issues of fact and law because "a high percentage of the testimony from the first trial [had to] be repeated in the second trial")).

Although failure to satisfy one of the elements of the aforementioned test is fatal to a claim that Section 110 bars a subsequent prosecution, we find the trial court correctly determined that the appropriate prosecuting officer for purposes of Section 110 is the district attorney who, herein, had not been aware of Appellant's conduct in the instant case prior to his first convictions.

Appellant urges that the prosecuting officer should be viewed broadly to include not only the district attorney but also a police officer for purposes of the knowledge element of Section 110(1)(ii). Appellant notes that the General Assembly's decision not to use the term "prosecuting attorney" evinces its intention that both prosecuting attorneys and police officers bear responsibility under Section 110. Appellant posits this interpretation is consistent with the Statute's purpose to ensure an accused is protected from

governmental harassment through successive prosecutions. Brief in Support of Appeal at 15-23.

Appellant stresses that police officers are permitted to and, in fact, conduct preliminary hearings in York County. Appellant concludes "prosecuting officers," in both Springettsbury Township and in West Manchester Township, were aware Appellant had committed retail thefts and the latter failed to take timely action to join the instant matter with the pending retail theft cases and notify the district attorney's office so it could act in compliance with Section 110. *Id*. at 22. Appellant asserts the relevant inquiry herein is not whether the prosecutor knew about all offenses but whether he or she should have had such knowledge. *Id*. at 28. Specifically, Appellant claims Officer Hanuska refrained from filing a criminal complaint for six months, although West Manchester and Springsbury Townships were aware he had committed multiple retail theft offenses. As such, Appellant posits Officer Hanuska bore the responsibility to file the charges timely and not require Appellant to advise the prosecution of other crimes he may have committed. *Id*. at 29.

Assuming, *arguendo*, that the prosecuting officer is limited to a district attorney, Appellant maintains that our Supreme Court's decision in **Commonwealth v. Muffley**, 425 A.2d 350 (Pa. 1981), while not entirely analogous, is instructive herein. Appellant urges in light of **Muffley**, our inquiry herein should pertain not only to whether the prosecutor knew of

both offenses but also to whether he should have had such knowledge, because a defendant is not responsible for failing to move to consolidate two separate informations. Brief in Support of Appeal at 29.

To the contrary, the duties of a district attorney have been defined generally as follows:

> (a)  The district attorney shall sign all bills of indictment and conduct in court all criminal and other prosecutions, in the name of the Commonwealth, or, when the Commonwealth is a party, which arise in the county, and perform all the duties which now by law are to be performed by deputy attorneys general, and receive the same fees or emoluments of office.

16 Pa.C.S.A. § 4402(a). *See also Commonwealth v. Thornton*, 371 A.2d 1343, 1345 (Pa.Super. 1977) (citing 16 Pa.C.S.A. § 4402(a) for the proposition that "[i]n court cases the district attorney is the appropriate prosecuting officer."). The *Thornton* Court recognized that Section 110 "allows for circumstances where 'the [a]ppropriate prosecuting officer' is unaware of one or more criminal acts which in fact were part of a criminal episode for which the defendant is being prosecuted. Hence, a second prosecution is permissible under those circumstances." *Id.* at 1345.

With regard to Appellant's reliance upon **Muffley**, it is noteworthy that while processing the defendant following his arrest for possession of marijuana, police officers discovered LSD in his pockets. As an outside laboratory analysis was required for the LSD, two separate criminal complaints were filed. On June 17, 1977, the defendant pled guilty to

possession of marijuana, and on July 18, 1977, a criminal information for possession of LSD was filed. The defendant filed a motion to dismiss, which the lower courts denied. The Supreme Court reversed and in doing so found the offenses arose from the same criminal facts. While it noted there was no proof the prosecutor was aware of both offenses, it held that under the facts before it, the prosecutor should have had such knowledge. *Id*. at 352.

Herein, On September 9, 2015, Caleb Enerson testified that he is an assistant district attorney for the County of York, Pennsylvania, and that he served in that capacity in October of 2014. While he could not remember the docket numbers of the matters to which Appellant pled guilty on October 15, 2014, Attorney Enerson explained he had no reason to doubt them and stated that in October of 2014 if there were a retail theft in a Walmart in Springettsbury Township, he would have been assigned the case. *Id*. at 21. He was not aware that Appellant had been involved in any other retail thefts when he prosecuted the two matters in October of 2014. *Id*. at 22. Indeed, unlike the situation presented in **Muffley**, as previously stated, Officer Hanuska did not file the complaint until five months after Appellant plead guilty to and was sentenced in the other matters which arose in different Walmart store located in a different township; therefore, the District Attorney's Office had no way of knowing Appellant was facing an investigation in a second police jurisdiction.

Based upon the foregoing, the trial court's determinations are consistent with the principles underlying the compulsory joinder statute, which we have stated above. As such, we find there was no substantial duplication of issues of fact or law between the two matters. **Reid**, **supra** at 586. Thus, after careful review of the certified record and the submissions of the parties, we conclude that Appellant is not entitled to relief on his compulsory joinder claim

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2016