J-S40009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINTON LACKEY | : | No. 1047 EDA 2016 |

Appeal from the Order March 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000262-2015

BEFORE: OTT, DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 10, 2017**

The Commonwealth appeals the March 7, 2016, order entered in the Court of Common Pleas of Philadelphia County ("Court of Common Pleas"), which dismissed the Commonwealth's prosecution of Clinton Lackey ("Appellee") for three violations of the Uniform Firearms Act (persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets or public property in Philadelphia),[1] based upon the grounds that the scheduled trial would violate Section 110 of the Crimes

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

Code[2] related to compulsory joinder.[3] After a careful review, we reverse the March 7, 2016, order and remand the instant matter for further proceedings. Further, we vacate Appellee's conviction and judgment of sentence for driving without a valid license,[4] which was entered on February 24, 2015, in the Philadelphia Municipal Court-Traffic Division ("Municipal Court-Traffic Division"), and reinstate the Philadelphia Municipal Court's ("Municipal Court") dismissal of the offense.

The relevant facts and procedural history are as follows: On December 23, 2014, at approximately 9:15 p.m., Philadelphia Police Officer Aquil Byrd stopped Appellee's vehicle at 55th and Pine Streets in Philadelphia. N.T., preliminary hearing, 1/8/15, at 4-5. During the traffic stop, Officer Byrd seized a loaded handgun from the center console of the vehicle. *Id.* at 6. Officer Byrd issued Appellee a summary traffic citation for driving without a valid license and charged him with three violations of the Uniform Firearms Act ("VUFA") as set forth *supra*.

On January 8, 2015, Appellee, who was represented by counsel, proceeded to a preliminary hearing before the Municipal Court on all

---

[2] 18 Pa.C.S.A. § 110.

[3] We note that this is a final order from which the Commonwealth was permitted to appeal. *See Commonwealth v. Wolgemuth*, 737 A.2d 757 (Pa.Super. 1999).

[4] 75 Pa.C.S.A. § 1501(a).

charges. During the proceedings, defense counsel asked for "[d]ischarge for driving without a valid license[,]" to which the Commonwealth did not object, and the Municipal Court granted the request. *Id.* at 17. The certified docket entries reveal that the driving without a valid license offense was marked dismissed with prejudice for lack of evidence, and Appellee was held for court on the VUFA charges. Trial was scheduled for the VUFA charges on August 22, 2016, before the Court of Common Pleas, with a pretrial motions date set for March 7, 2016.

In the meantime, for reasons not clear from the record, on February 24, 2015, less than two months after Appellee's preliminary hearing, the Municipal Court-Traffic Division held a summary trial on Appellee's driving without a valid license offense. *See* Court of Common Pleas Opinion, filed 11/22/16, at 2. Appellee, who was incarcerated at this time, failed to appear, and he was purportedly convicted of the summary traffic violation *in absentia. Id.* The Municipal Court-Traffic Division imposed a fine of $200.00 and penalties in the amount of $179.50.

On February 5, 2016, Appellee filed a counseled motion in the Court of Common Pleas seeking to dismiss the VUFA charges pursuant to 18 Pa.C.S.A. § 110, relating to compulsory joinder. Specifically, Appellee argued that his conviction on the summary traffic offense in the Municipal Court-Traffic Division prior to his trial on the VUFA offenses in the Court of Common Pleas barred his prosecution of the latter. On March 7, 2016, the

Court of Common Pleas held a hearing on Appellee's motion to dismiss, at the conclusion of which the Court of Common Pleas granted Appellee's motion to dismiss the VUFA charges pursuant to Section 110.

On March 14, 2015, the Commonwealth filed a motion for reconsideration, and on March 31, 2015, the Court of Common Pleas denied the Commonwealth's motion. On April 5, 2016, the Commonwealth contemporaneously filed a timely notice of appeal and a Pa.R.A.P. 1925(b) statement. Thereafter, the Court of Common Pleas filed a Pa.R.A.P. 1925(a) opinion.

On appeal, the Commonwealth argues that the Court of Common Pleas erred in granting Appellee's motion to dismiss the VUFA charges pursuant to the compulsory joinder rule as set forth in Section 110.

Initially, we note that the compulsory joinder rule implicates a question of law and, as a result, our review is plenary. *Commonwealth v. George*, 38 A.3d 893, 896 (Pa.Super. 2012). Thus, "[a]s with all questions of law, the appellate standard of review is *de novo.*" *Commonwealth v. Vargas*, 947 A.2d 777, 780 (Pa.Super. 2008) (citations and quotations marks omitted).

"Generally speaking, the compulsory joinder statute sets forth the requirements for when a current prosecution is precluded due to a former prosecution for a different offense." *Commonwealth v. Fithian*, 599 Pa. 180, 185, 961 A.2d 66, 68 (2008). Section 110 provides in pertinent part:

**§ 110. When prosecution barred by former prosecution for different offense**

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

\*\*\*

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.][5]

18 Pa.C.S.A. § 110 (footnote added) (bold in original).

Our Supreme Court has held that the compulsory joinder rule contains four requirements which, if met, preclude a subsequent prosecution due to a former prosecution for a different offense:

(1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges [are] within the same judicial district as the former prosecution.

_____

[5] Section 110 was amended, effective August 27, 2002. The amendment to Section 110(1)(ii) removed the language "was within the jurisdiction of a single court" and substituted the language "occurred within the same judicial district as the former prosecution[.]"

***Commonwealth v. Reid***, 621 Pa. 245, 251, 77 A.3d 579, 582 (2013) (citation and footnote omitted). Every prong of this test must be met for Section 110 to apply. ***Id.***

In the case *sub judice*, although not recognized by the parties or the Court of Common Pleas, with regard to the first prong, the record reveals that, during his preliminary hearing before the Municipal Court, Appellee's summary traffic violation for driving without a valid license was dismissed with prejudice for lack of evidence. However, thereafter, on February 24, 2015, Appellee proceeded to a summary trial, and he was convicted and sentenced, before the Municipal Court-Traffic Division, on the same traffic violation, which had previously been dismissed with prejudice for lack of evidence by the Municipal Court.

We determine that Appellee's conviction and judgment of sentence for the summary traffic violation, which was entered by the Municipal Court-Traffic Division, is a legal nullity. ***D'Elia v. Folino***, 933 A.2d 117, 123 (Pa.Super. 2007 ("The 'coordinate jurisdiction rule' requires that courts of the same jurisdiction cannot overrule each other's decisions in the same case.") (citation omitted)). Accordingly, we vacate Appellee's February 24, 2015, conviction and judgment of sentence in the Municipal Court-Traffic Division related to Appellee's summary traffic citation for driving without a valid license, which was issued on December 23, 2014, and reinstate the Municipal Court's dismissal of the summary traffic offense.

Since Appellee's summary traffic conviction was dismissed with prejudice for lack of evidence by the Municipal Court during Appellee's preliminary hearing on all of the charges, and the Municipal Court-Traffic Division's subsequent conviction and judgment of sentence is a legal nullity, the Commonwealth was permitted to proceed with the VUFA charges under Section 110 as there was no proper "formal prosecution result[ing] in an acquittal or conviction" with regard to the summary traffic offense. ***See Reid***, 621 Pa. at 251, 77 A.3d at 582. Accordingly, we reverse and remand for further proceedings with regard to the Court of Common Pleas' March 7, 2016, order, which granted Appellee's motion to dismiss the three VUFA offenses.

Judgment of Sentence and conviction entered February 24, 2015, in Municipal Court-Traffic Division is VACATED and Municipal Court's dismissal of driving without a valid license is REINSTATED; Order entered March 7, 2016, in the Court of Common Pleas is REVERSED and matter is REMANDED for further proceedings on the VUFA offenses. Jurisdiction is relinquished.

Judge Ott joins the memorandum.

Judge Dubow concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2017