J-A14010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SONYA CHARMAIN PORTER | : | |
| | : | |
| Appellant | : | No. 1528 WDA 2017 |

Appeal from the Judgment of Sentence September 20, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0011779-2016

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 18, 2019**

Sonya Charmain Porter appeals from the judgment of sentence imposed September 20, 2017, in the Allegheny County Court of Common Pleas.  The trial court sentenced Porter to a term of three years' probation, and ordered her to pay $2,770.00 in restitution, after she was convicted by a jury of one count of Fraud in Obtaining Food Stamps, 62 P.S. § 481(a).  On appeal, she contends the trial court erred by denying her pretrial motion to dismiss the charge based on collateral estoppel and/or double jeopardy grounds.  For the reasons below, we affirm.

The facts relevant to this appeal are as follows.  On April 29, 2016, the Pennsylvania Office of Inspector General filed a private criminal complaint against Porter, alleging she unlawfully obtained $2,770.00 in food stamp benefits between February 1, 2015, and July 31, 2015, by failing to disclose the correct income of her household.  ***See*** Private Criminal Complaint,

5/24/2016, at 2. Specifically, the probable cause affidavit alleged Porter failed to report to the Department of Human Services that she was employed by the United States Postal Service during the relevant period, and, accordingly, obtained benefits to which she was not entitled. *See id.* at Affidavit of Probable Cause. A criminal information charging her with one count of False Statements under the Human Services Code, 62 P.S. § 481(a), was filed on November 16, 2016, at Docket No. 2016-11779.

On March 23, 2017, Porter filed a pretrial motion to dismiss the charge based on collateral estoppel and double jeopardy grounds. She averred that on December 4, 2015, she was charged at Docket No. 2015-14956, with violating Section 481(a) for an overpayment she received during the prior period of August 1, 2014, through January 31, 2015. *See* Motion to Enforce Rule 586 Disposition and To Dismiss on Collateral Estoppel and Double Jeopardy Grounds, 3/23/2017, at ¶ 1-2. That case was resolved on March 21, 2016, *via* Pennsylvania Rule of Criminal Procedure 586,[1] when she "paid the

---

[1] Rule 586 permits a trial court to dismiss a criminal offense, "which is not alleged to have been committed by force or violence or threat thereof" under the following conditions:

> (1) the public interest will not be adversely affected; and
>
> (2) the attorney for the Commonwealth consents to the dismissal; and
>
> (3) satisfaction has been made to the aggrieved person or there is an agreement that satisfaction will be made to the aggrieved person; and

entirety of the restitution requested by the Commonwealth and Rule 586 civil penalties were imposed." *Id.* at ¶ 3. Nevertheless, 39 days later, she was charged with the present offense. Porter argued the present prosecution was "barred by the double jeopardy clauses of both the federal and state constitutions, under the theory of collateral estoppel, and [S]ection 110 of the Crimes Code[.]" *Id.* at ¶ 7. Following a hearing on May 12, 2017, the trial court denied the motion, and concluded it was frivolous.[2]

The case proceeded to a jury trial, and, on September 17, 2017, the jury found Porter guilty of violating Section 481(a). On September 20, 2017, the trial court sentenced Porter to a term of three years' probation, and ordered her to pay $2,770.00 in restitution. This timely appeal follows.[3]

On appeal, Porter contends the trial court erred when it failed to dismiss the charge in this case based upon her previous prosecution for the same offense, which resulted in a Rule 586 disposition. Porter insists the Rule 586

_____

(4) there is an agreement as to who shall pay the costs.

Pa.R.Crim.P. 586.

[2] The trial court's determination that the motion was frivolous precluded Porter from filing a pretrial interlocutory appeal. *See* Pa.R.Crim.P. 587(B).

[3] On October 25, 2017, the trial court ordered Porter to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) by November 27, 2017. After requesting, and being granted, an extension of time because the notes of testimony were not yet transcribed, Porter ultimately complied with the court's Rule 1925(b) order on July 13, 2018. The trial court filed an opinion addressing Porter's claims on November 14, 2018.

- 3 -

disposition at Docket No. 2015-14956 involved the same criminal episode, and, therefore, the instant prosecution was barred by 18 Pa.C.S. §§ 109 or 110, or the double jeopardy clause of the Pennsylvania or United States Constitutions. *See* Porter's Brief at 15. "Since the issue presents a question of law, our standard of review is *de novo* and our scope of review is plenary."[4] *Commonwealth v. Kolovich*, 170 A.3d 520, 523 (Pa. Super. 2017), *appeal denied*, 182 A.3d 429 (Pa. 2018).

First, Porter argues the instant prosecution should have been barred by Section 109, which codifies the doctrine of *res judicata* for application in criminal cases.[5] *See* Porter's Brief at 17. However, Porter failed to argue the

_____

[4] The Commonwealth suggests in its brief that our review should be limited to the evidence presented during the pretrial hearing, similar to appellate review of a suppression ruling. *See* Commonwealth's Brief at 9, n.5, *citing* **In re L.J.**, 79 A.3d 1073 (Pa. 2013). We need not consider this argument, however, because our review is focused on the criminal complaints and accompanying affidavits of probable cause. The criminal complaint for Docket No. 2015-14956 was attached to Porter's pretrial motion as Defendant's Exhibit A. *See* Motion to Enforce Rule 586 Disposition and To Dismiss on Collateral Estoppel and Double Jeopardy Grounds, 3/23/2017, at 1 n.1.

[5] Section 109 provides, in relevant part, that when a prosecution is for a violation of the same provision and based upon the same facts as a former prosecution, it is barred by the former prosecution when, *inter alia*:

> The former prosecution was terminated, after the indictment had been found, by a final order or judgment for the defendant, which has not been set aside, reversed, or vacated and which necessarily required a determination inconsistent with a fact or a legal proposition that must be established for conviction of the offense.

applicability of Section 109 in her pretrial motion to dismiss, during the hearing on that motion, or in her concise statement of issues complained of on appeal.[6]  "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a).  **See also** Pa.R.A.P. 1925(b)(4)(vii) (issues not raised in concise statement are waived). Accordingly, we conclude Porter's first issue is waived.

Next, Porter contends the present prosecution should have been barred by application of Section 110, also known as the compulsory joinder rule.

Section 110 was enacted to address two specific policy concerns:

(1) to protect a person accused of crimes from governmental harassment of being forced to undergo successive trials for offenses stemming from the same criminal episode; and (2) as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation.

**Commonwealth v. Hude**, 458 A.2d 177, 180 (Pa. 1983).  The statute provides, in relevant part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when

---

18 Pa.C.S. § 109(2).

[6] **See** Motion to Enforce Rule 586 Disposition and To Dismiss on Collateral Estoppel and Double Jeopardy Grounds, 3/23/2017; N.T., 5/12/2017, at 2-13; Concise Statement of Errors Complained of on Appeal, 7/13/2018.

prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

(2) The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

18 Pa.C.S. § 110(1)-(2).

Porter insists her case "fits into each of [Section 110(1)'s] three provisions." Porter's Brief at 22. However, we find Porter cannot demonstrate, initially, that "[t]he former prosecution resulted in an acquittal or in a conviction as defined in section 109[.]" 18 Pa.C.S. § 110(1). Neither Porter nor the Commonwealth address this preliminary provision, seemingly

conceding that Porter's Rule 586 disposition qualifies as an acquittal or conviction pursuant to Section 109. However, we find that not to be the case.

By way of background, Sections 109, 110, and 111 of the Crimes Code apply *res judicata*, collateral estoppel, and double jeopardy considerations to bar present prosecutions when the allegations could have, or should have, been addressed in a former prosecution. Section 109 applies when the prosecutions are for the "same provision of the statutes and based upon the same facts[.]" 18 Pa.C.S. § 109. Section 110 applies when the prosecutions involve different statutory provisions or are based upon different facts. **See** 18 Pa.C.S. § 110. Lastly, Section 111, not relevant here, is applicable when the former prosecution was in another jurisdiction. **See** 18 Pa.C.S. § 111.

We note that as a preliminary matter when considering the applicability of Sections 109, 110, or 111, the trial court must categorize the disposition of the former prosecution. A conviction or acquittal in the former prosecution leads to further inquiry. Section 109 provides the definitions for an acquittal and a conviction. A former prosecution ends in an acquittal if "the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction." 18 Pa.C.S. § 109(1). Pursuant to Subsection 109(3), a former prosecution results in a conviction when "the prosecution resulted in a judgment of conviction which has not been set aside or vacated, a verdict of guilty which has not be set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court." 18 Pa.C.S. § 109(3).

The Rule 586 disposition in the present case does not qualify as either an acquittal or a conviction as defined above. Rather, Rule 586 permits a trial court to **dismiss** a case, which does not involve force or violence, when: (1) "the public interest will not be adversely affected;" (2) the Commonwealth "consents to the dismissal;" (3) satisfaction has been, or will be, made to the person aggrieved by the offense; and (4) "there is an agreement as to who shall pay costs." Pa.R.Crim.P. 586. Clearly, a Rule 586 disposition does not involve a finding of not guilty or insufficient evidence, nor does it qualify as a judgment of conviction, a guilty verdict, or a guilty plea. Rather, a Rule 586 disposition fits into a third category outlined in Section 110(2):

> The former prosecution was terminated, after the indictment was found, by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed or vacated and which acquittal, final order or judgment necessarily required a determination inconsistent with a fact which must be established for conviction of the second offense.

18 Pa.C.S. § 110(2). **See also** 18 Pa.C.S. § 109(2).[7] Here, Porter's former prosecution was terminated by a final order, which has not been set aside, reversed or vacated. Accordingly, the relevant inquiry is whether Porter's present prosecution should have been barred under Section 110(2). However,

---

[7] The description of this third category in Section 110(2) is virtually identical to the description in Section 109(2). Furthermore, it merits emphasis that Porter cited to this third category of dispositions in arguing her present case should have been barred under Section 109. **See** Porter's Brief at 17, *citing* 18 Pa.C.S. § 109(2).

in her brief, Porter's argument focuses solely on how Subsections (1)(i), (ii), and (iii) apply to her case.[8]  **See** Porter's Brief at 22-31.  Therefore, she has waived any claim that her prosecution is barred under Section 110(2).[9]

Nevertheless, even if we were to find Porter did not waive this claim, we would conclude no relief is warranted.[10]  "Section 110(2) codifies the ancient doctrine of collateral estoppel[,]" and precludes the "relitigation between parties of an issue where that issue has been previously decided by a competent legal forum."  **Commonwealth v. Teagarden**, 696 A.2d 169, 171 (Pa. Super. 1997), *appeal denied*, 702 A.2d 1060 (Pa. 1997).  However, we have cautioned:

> [W]here one or several other rational explanations for the jury's actions exist, admission of evidence in a subsequent prosecution will not be excluded on collateral estoppel grounds.  Only if it is "clear that the jury has spoken with respect to a particular fact, [will] the Commonwealth no longer [be] permitted to request that another jury consider the same."

***Id.*** (internal citations omitted).

Pursuant to Section 110(2), a prosecution, based upon different facts, is barred by a former prosecution if the former prosecution "necessarily required a determination inconsistent with a fact which must be established

---

[8] As will be discussed *infra*, Porter's Section 110(1)(ii) argument is relevant to her constitutional due process claim.

[9] We note "[w]e are not limited by the trial court's rationale and may affirm its decision on any basis."  **Commonwealth v. Cramer**, 195 A.3d 594, 607 (Pa. Super. 2018).

[10] As noted *supra*, Porter addressed this same exception in her Section 109(2) argument.  **See** Porter's Brief at 17-20.

for conviction of the second offense." 18 Pa.C.S. § 110(2). The facts which had to be established for the present prosecution were set forth in the affidavit of probable cause – namely, Porter failed to report to DHS **her own employment** by the United States Postal Service in order to obtain food stamp benefits that she was not entitled to during the period from February 1, 2015, through July 31, 2015. **See** Private Criminal Complaint, 5/24/2016, at Affidavit of Probable Cause. The prior prosecution, however, involved an overpayment of food stamp benefits for the period from August 2014 to January 2015, as a result of Porter's failure to report **her daughter's employment and income**. **See** Docket No. 2015-14956, Private Criminal Complaint, 6/26/2015, at Affidavit of Probable Cause. Therefore, the former prosecution did not require a determination inconsistent with a fact which had to be established in the present case. To the extent Porter asserts the Commonwealth agreed "all the money owed to it was represented in [the] Rule 586 disposition,"[11] we find the damages owed do not constitute a relevant fact for purposes of a Section 110(2) analysis.[12] As noted above, the relevant facts determined in the Rule 586 disposition were that Porter failed to alert

_____

[11] Porter's Brief at 19. **See also id.** at 34.

[12] We note this is not a case in which the Commonwealth filed separate charges in an attempt to affect the grading of the offense. Pursuant to 62 P.S. § 481(b), the crime is graded as a felony of the first degree when the amount of damages exceeds $1,000. **See** 62 P.S. § 481(b). Here, the damages alleged in both prosecutions exceeded that amount.

DHS of her daughter's employment for a six-month period of time. Those facts have no bearing on the present prosecution where the Commonwealth proved Porter failed to alert DHS of a change in her own employment and income during a separate six-month period. Accordingly, even if Porter's Section 110(2) claim were not waived, she would be entitled to no relief.

Lastly, Porter contends "[t]he Commonwealth violated [her] right under the Double Jeopardy Clauses of the Federal and Pennsylvania Constitutions to be free from multiple prosecution for one criminal act." Porter's Brief at 32. "Consideration of the constitutional protections contained in the double jeopardy clauses is necessary where[, as here,] the statutory provisions relating to subsequent prosecutions are not applicable." *Commonwealth v. Keenum*, 530 A.2d 90, 93 (Pa. Super. 1987).

> We employ a unitary analysis of the state and federal double jeopardy clauses since the protections afforded by each constitution are identical.
>
> The protections afforded by double jeopardy are generally recognized to fall within three categories-(1) protection against a second prosecution for the same offense after an acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense.

*Id.* (internal citations omitted). When considering whether a second prosecution is for the same offense as a former prosecution, "a 'single criminal

episode' analysis" is employed.[13] ***Commonwealth v. Miskovitch***, 64 A.3d 672, 686 (Pa. Super. 2013) (quotation omitted), *appeal denied*, 70 A.3d 1090 (Pa. 2013).

In ***Hude***, ***supra***, the Pennsylvania Supreme Court held "where a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists[.]" ***Hude***, ***supra***, 458 A.2d at 494. In ***Commonwealth v. Reid***, 77 A.3d 579 (Pa. 2013), the Supreme Court further explained that offenses are "logically related" to one another if there is "a substantial duplication of factual, and/or legal issues presented by the offenses." ***Id.*** at 582 (quotation omitted). The Court emphasized, however, the duplication must be substantial and not merely *de minimis*. ***See id.*** at 582-583. Furthermore, the ***Reid*** Court explained the determination of whether the logical relationship prong is met "depends ultimately on how and what the Commonwealth must prove in the subsequent prosecution." ***Id.*** at 585.

Here, Porter insists the former and present prosecution are "temporally and logically related – the two time periods abut one another and the case at bar clearly involves a continuation of Ms. Porter's actions in her first case."

---

[13] The "single criminal episode" analysis for double jeopardy claims appears to be the same as the analysis for a Section 110 claim. ***See Commonwealth v. Hockenbury***, 701 A.2d 1334, 1338-1339 (Pa. 1997) (referring to prior Section 110 discussion when concluding separate prosecutions did not violate constitutional double jeopardy protection). ***See also Commonwealth v. Schmidt***, 919 A.2d 241 (Pa. Super. 2007) (same), *appeal denied*, 936 A.2d 40 (Pa. 2007).

Porter's Brief at 27. We disagree. The fact the time periods "abut one another" has no bearing on whether the crimes involve the same criminal episode. Indeed, each false statement covered a different, and distinct, time period. Had they overlapped, Porter's argument may have more merit.

Nonetheless, the most significant difference between the two prosecutions is that they involved separate false statements that had to be proven by the introduction of distinct evidence. In the Rule 586 disposition, the Commonwealth was required to prove Porter failed to disclose to DHS that her daughter was employed at a restaurant during the period from August 1, 2014, through January 31, 2015. That false statement/omission was in her initial application for benefits filed in August of 2014.[14] As the Commonwealth pointed out at the pretrial hearing, the present prosecution involved a different false statement/omission Porter made "on a separate form … about her employment as of April 2, 2015." N.T., 5/12/2017, at 6. The second form was a semiannual reporting form that required Porter to confirm, update, and/or correct her household income. The present prosecution was based upon Porter's failure to report that she, herself, was employed by the United States Post Office from February 1, 2015, though July 31, 2015. In summary, the present prosecution involved a separate false statement made on a separate form concerning the employment of a different beneficiary by a

_____

[14] The parties referred to the relevant forms during the pretrial hearing. Although they were not introduced into evidence at that hearing, they were introduced at trial, and are included as a supplement to the certified record. *See* N.T., 5/12/2017, at 6-8.

- 13 -

different employer over a different time period. Consequently, we agree with the trial court's finding that the two prosecutions did not constitute a single criminal episode, and, therefore, Porter's second prosecution did not violate her double jeopardy rights. Accordingly, no relief is warranted.[15]

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2019

---

[15] We note that in her double jeopardy claim, Porter also raises a collateral estoppel claim. **See** Porter's Brief at 33-35. However, we have already addressed and rejected that claim in our discussion of Section 110(2). **See** **supra** at 9-11.